IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL OPPORTUNITY EMPLOYMENT
    COMMISSION,

    Plaintiff,

v.                                                                      CIV. No. 99-1104 JP/LFG

HEALTH CENTERS OF NORTHERN
    NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 19, 2000 Plaintiff filed a Motion to Strike Defendant's Affirmative Defense (Doc. No. 20). That motion will be granted.

On September 29, 1999 Plaintiff in this Title VII case filed a complaint seeking, inter alia, punitive damages. In its answer, under the heading "Affirmative Defenses," Defendant claimed that the United States and New Mexico Constitutions bar an award of punitive damages. In the same paragraph under the same heading, Defendant stated that if punitive damages are tried, the standard of proof should be "clear and convincing." (Answer, Affirmative Defenses, ¶ 4.) Plaintiff moves to strike.

Rule 12(f) states that a "court may order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). However, motions to strike are disfavored. See Friends of Santa Fe County v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995) (citations omitted). To strike a defense, "its legal insufficiency must be 'clearly apparent.'" Id. (same). A court must be convinced that "under no set of circumstances could the defense succeed." Id. (same). Even

when the defense presents a "purely legal" question, such a question is "properly . . . viewed as determinable only after discovery and a hearing on the merits." Id. (same). A court should therefore only grant a motion to strike those defenses for which it is "'beyond cavil'" that a defendant could not prevail. Id. (same).

Plaintiff moves, under Fed. R. Civ. P. 12(f), to strike two defenses, which each present a purely legal question and for which it is beyond cavil that Defendant cannot prevail. First, Plaintiff moves to strike the defense that the New Mexico Constitution poses a bar to the punitive damage claim in this case which, Defendant concedes, arises entirely under federal law. Plaintiff argues that its federal claims are unrelated to the New Mexico Constitution and that federal law preempts Defendant's state constitutional defense. While not precisely a question of relationship or preemption, it is elementary constitutional law that a state constitution cannot trump a federal statute. See U.S. Const. art. VI ("[T]he Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution . . . of any State to the Contrary notwithstanding.") Defendant's motion to strike Plaintiff's state constitutional affirmative defense to punitive damages will therefore be granted.

Second, Plaintiff moves to strike the defense that punitive damages claims in this Title VII case must be proven by clear and convincing evidence. In support, however, Plaintiff cites only to law stating that Title VII plaintiffs may recover punitive damages. Plaintiff neglects to assert just what the appropriate standard should be, if not clear and convincing. In response Defendant does nothing to support the standard which it pled as an affirmative defense and indeed confesses to not knowing at all what the correct standard is. Defendant cavalierly adds that "[s]ince this is Plaintiff's motion, it is Plaintiff's burden to convince the Court that the 'clear and convincing

2

evidence' standard is not applicable." (Resp. at 2.) Accepting the invitation, Plaintiff in reply cites to <u>Karnes v. SCI Colo. Funeral Servs.</u>, 162 F.3d 1077 (10th Cir. 1998). In <u>Karnes</u>, the Tenth Circuit squarely addressed the question of which standard of proof applies to punitive damages in Title VII cases and held that the preponderance of the evidence standard governs such claims. <u>See</u> <u>Karnes</u>, 162 F.3d at 1083. Accordingly, Plaintiff's motion to strike Defendant's defense that Plaintiff must prove punitive damages by clear and convincing evidence will be granted.

IT IS THEREFORE ORDERED THAT Plaintiff's motion under Fed. R. Civ. P. 12(f) is granted and Defendant's affirmative defenses, in its answer at page two, under the New Mexico Constitution and concerning a clear and convincing standard of proof for punitive damages, are stricken.

_____
**UNITED STATES DISTRICT JUDGE**